## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JEREMY SMITH,

    Plaintiff,

v.

ACS TRANSPORT, LLC, DRIVE NEW
JERSEY INSURANCE COMPANY,
and KASAP ZEKERIYA,

    Defendants.

Civil Action No.
1:23-cv-02803-VMC

### ORDER

Before the Court is Plaintiff's Motion to Remand (Doc. 4). For the reasons that follow, the Court will grant the Motion.

### Background

Plaintiff originally commenced this civil action by filing a Complaint in the State Court of Cherokee County on August 26, 2022. (Doc. 1-2 at 3). The Complaint alleged that "a truck and car-hauler trailer driven by Defendant Zekeriya attempted to turn left at the intersection in front of Plaintiff's vehicle" and that "Plaintiff was unable to avoid the Defendant's truck and trailer and struck it with his vehicle." (Compl. ¶ 10.) The Complaint further alleged that Plaintiffs suffered unspecified "serious bodily injuries" as a result of the accident. (*Id.* ¶ 11.) Plaintiff alleged the following medical expenses as a result of his injuries:

| | |
|---|---|
| Wellstar Kennestone Hospital | $ 8,967.00 |
| Integrated Healthcare Center of Woodstock, LLC | $13,490.00 |
| Elite Radiology of Marietta | $ 3,900.00 |
| Quantum Radiology | $ 317.75 |
| Medici Surgical Center Cobb | $ 2,467.60 |
| Preferred Pharmacy | <u>$ 787.61</u> |
| | **$29,929.96** |

(*Id.* ¶ 47). Defendants first attempted to remove the case on October 10, 2022, purporting to invoke the Court's diversity jurisdiction. *Smith v. ACS Transport, LLC et al.*, No. 1:22-cv-04060-VMC (N.D. Ga. Oct. 10, 2022) ("Smith I"). In the *Smith I* Notice of Removal, Defendant asserted that despite only roughly $30,000 in special damages, the amount in controversy exceeded $75,000 because, in addition to these amounts:

> Plaintiff has included claims for past lost wages, future lost wages, and future medical expenses. (Compl. ¶ 45). Plaintiff has also alleged "severe and permanent injuries" as well as claims for past and future pain and suffering. (Compl. ¶ 46). Plaintiff has also alleged a claim for punitive damages. (Compl. ¶¶ 48-51).

*Smith I*, Doc. 1 at 5. But the Court summarily remanded the case in an Order dated October 19, 2022, noting that it "cannot speculate as to the value of Plaintiffs' damages associated with unspecified injuries from a seemingly run-of-the-mill accident." *Smith I*, Doc. 6.

Now, Defendants have sought to remove the case again. (Doc. 1). This time, Defendants rely upon an email sent by Plaintiff's counsel on June 1, 2023 to Defendants' adjuster in response to her solicitation for a demand. In its entirety, Plaintiff's email reads "$125,000 from you and $25,000 from Liberty Mutual." (Doc. 1-3 at 2).

## Discussion

Federal courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "[I]n assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff — be it the initial complaint or a later received paper — and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 (11th Cir. 2007); 28 U.S.C. § 1446(b)(3) (stating that courts may consider the notice of removal along with "a copy of an amended pleading, motion, order or other paper" to determine whether an action is or has become removable). In its notice of removal, Defendant adequately alleges the existence of diversity of citizenship. When a complaint is uncertain or silent on the value of the relief the plaintiff seeks, "the removing defendant under 28 U.S.C. § 1332 has the burden of proving the jurisdictional amount by a preponderance of the evidence." *Lowery v. Honeywell Int'l Inc.*, 460 F. Supp. 2d 1288, 1296 (N.D. Ala. 2006).

As the Court has previously held, the Complaint does not establish that the amount in controversy exceeds $75,000. Therefore, Defendants must meet its burden by pointing to "other papers" which establish jurisdiction. A settlement offer may constitute an "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(c); *Lowery*, 483 F.3d at 1212 n.62 (recognizing that settlement offers may constitute "other paper" to be considered when determining whether the jurisdictional threshold amount has been met); *see, e.g.*, *Burns v. Windsor, Inc.*, 31 F.3d 1092, 1095 (11th Cir. 1994). However, while a settlement offer "counts for something," *Burns*, 31 F.3d at 1095, "[w]hat it counts for . . . depends on the circumstances." *Jackson v. Select Portfolio Serv., Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009). Indeed, "[s]ettlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence." *Id.* Thus, the Court looks to the settlement offer to determine whether it provides "'specific information . . . to support [the plaintiff's] claim for damages'" to a degree that would "suggest the plaintiff is 'offering a reasonable assessment of the value of [his or her] claim.'" *Id.* (quoting *Golden Apple Mgmt. Co. v. Geac Computs., Inc.*, 990 F. Supp. 1364, 1368 (M.D. Ala. 1998)).

The settlement demand here provides an insufficient basis upon which the Court can assess the amount in controversy. "The letter in question simply

demands [a] "[l]ump sum payment . . ." without the slightest suggestion how in the world the plaintiffs could support such a figure." *Id*. For all the Court knows, the Plaintiff expected Defendants to counter at $74,999.99. Defendants have once again failed to meet their burden.

## Conclusion

For the foregoing reasons, the Court **DIRECTS** the Clerk to **REMAND** this matter to the State Court of Cherokee County.

**SO ORDERED** this 28th day of August, 2023.

_____
Victoria Marie Calvert
United States District Judge

5